UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, and SKILL IMPROVEMENT AND SAFETY FUNDS, and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010,<br><br>Plaintiffs,<br><br>-against-<br><br>CONCRETE INDUSTRIES ONE CORP.,<br><br>Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, and common law breach of contract, by multiemployer benefit funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff The Highway, Road and Street Construction Laborers Local Union 1010 (the "Union," together with the Funds, the "Plaintiffs") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Concrete Industries One Corp. ("Concrete Industries") is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 4809 Avenue N, Brooklyn, New York 11234, engaged in the construction business. At all relevant times, Concrete Industries was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

**The Collective Bargaining Agreement**

7. At relevant times herein, Concrete Industries was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

8. The CBA requires Concrete Industries to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

9. Additionally, the CBA requires Concrete Industries to forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Concrete Industries' employees.

10. The CBA also requires that contributions and remittance reports detailing the number of hours of Covered Work performed by employees are due on or before the 35th day following the close of the month in which the hours were worked.

11. The CBA requires Concrete Industries to comply with payroll audits to confirm that it is complying with its obligations under the CBA.

12. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of the unpaid contributions at an annual rate of ten percent (10%).

13. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, Concrete Industries is obligated to pay to the Funds its attorneys' fees.

14. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension

3

Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein." ("Trust Agreements").

15. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

16. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Concrete Industries is bound to the terms of the Collection Policy.

17. Article II of the Collection Policy provides that if Concrete Industries fails to make contributions when due, Concrete Industries is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent (10%), liquidated damages of ten percent (10%) of the amount of the unpaid contributions, reasonable audit and collections expenses, and attorneys' fees and costs.

18. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**Delinquent Remittance Reports**

19. The CBA requires Concrete Industries, *inter alia,* to report to the Funds the number of hours of Covered Work performed by each employee.

20. Concrete Industries failed to report the number of hours of Covered Work performed by each of its employees for the periods October and November 2018 and September 2019 through January 2020. Accordingly, Concrete Industries owes contributions in an unknown amount for the periods October and November 2018 and September 2019 through January 2020.

21. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Concrete Industries is liable to the Funds for: (1) contributions in an unknown amount for the periods October and November 2018 and September 2019 through January 2020; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) all reasonable attorneys' fees, expenses, and collections costs incurred by Plaintiffs; and (6) other such legal or equitable relief the Court deems appropriate.

**Breach of 2018 Settlement Agreement**

22. In or around December 2018, Plaintiffs and Defendant entered into a settlement agreement to resolve various liabilities of Defendant for the period July 2017 through September 2018 (the "2018 Settlement Agreement").

23. Under the 2018 Settlement Agreement Defendant was to pay Plaintiffs the sum of $262,998.62, by way of twelve (12) equal monthly installments of $21,916.55, commencing on December 15, 2018 and ending on November 15, 2019.

24. Defendant remitted check no. 5287, dated January 2, 2019 in the amount of $21,998.62 in connection with the settlement installment due on December 5, 2018 ("Check 5287").

25. On January 17, 2019, Plaintiffs deposited Check 5287 and were notified on January 24, 2019 that Check 5287 bounced due to insufficient funds.

26. Plaintiffs redeposited Check 5287 on February 14, 2019 and were notified on January 21, 2019 that Check 5287 bounced again due to insufficient funds.

27. Plaintiffs notified Defendant of the bounced check and requested that Defendant provide Plaintiffs with a replacement check.

28. To date, Defendant has failed to provide Plaintiffs with a replacement check. Therefore, a balance of $21,916.55 remains unpaid under the 2018 Settlement Agreement.

29. Accordingly, Concrete Industries breached the 2018 Settlement Agreement by its failure to remit all settlement installments required thereunder.

30. Concrete Industries is liable for any and all damages by virtue of its breach of the 2018 Settlement Agreement, including but not limited to: (1) the delinquent settlement installment of $21,916.55.

**FIRST CLAIM FOR RELIEF AGAINST CONCRETE INDUSTRIES**
*Unpaid Contributions Under 29 U.S.C. § 1145*

31. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

32. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

33. The CBA requires that Concrete Industries make contributions to Plaintiffs for all Covered Work it performed.

34. Concrete Industries owes contributions in an unknown amount for the periods October and November 2018 and September 2019 through January 2020.

35. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Concrete Industries is liable to Plaintiffs for: (1) contributions in an unknown amount for the period October and November 20218 and September 2019 through January 2020; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST CONCRETE INDUSTRIES**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

36. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

37. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

38. Concrete Industries violated the terms of the CBA when it failed to timely remit reports and contributions for the periods October and November 2018 and September 2019 through January 2020.

39. With respect to the delinquent contributions, pursuant to the CBA, the documents and instruments governing the Funds, Section 301 of the LMRA, 29 U.S.C. § 185, Concrete Industries is liable to Plaintiffs for: (1) contributions in an unknown amount for the periods October and November 2018 and September 2019 through January 2020; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit; and (6) such other legal or equitable relief as the Court deems appropriate.

40. As a result of Concrete Industries' violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**THIRD CLAIM FOR RELIEF AGAINST CONCRETE INDUSTRIES**
*Breach of Contract*

41. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

42. Concrete Industries breached the 2018 Settlement Agreement when it failed to remit all monthly settlement installments in accordance therewith.

43. Specifically, Concrete Industries breached the 2018 Settlement Agreement when it failed to provide the Plaintiffs with a replacement check of Check 5287 to satisfy the settlement installment due on December 15, 2018.

44. Concrete Industries conduct as more fully described above, was and is in clear violation of the terms of the 2018 Settlement Agreement.

45.     As a result of Defendant's breach of the 2018 Settlement Agreement, Plaintiffs are entitled to a judgment against Defendant for damages, including, but not limited to, the balance of the 2018 Settlement Agreement of $21,916.55.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i. Award judgment in favor of the Funds and against Concrete Industries for its failure to timely remit reports and contributions required by the CBA for the periods October and November 2018 and September 2019 through January 2020;

ii. Award judgment in favor of the Plaintiffs and against Concrete Industries for the balance of the 2018 Settlement Agreement;

iii. On Plaintiffs' First Claim for Relief, order Concrete Industries to pay the Funds: (1) contributions in an unknown amount for the periods October and November 2018 and September 2019 through January 2020; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) reasonable attorneys' fees and costs incurred by the Funds in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

iv. On Plaintiffs' Second Claim for Relief, with respect to the delinquent contributions, order Concrete Industries to pay the Funds: (1) contributions in an unknown amount for the periods October and November 2018 and September 2019 through January

  2020; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) reasonable attorneys' fees and costs incurred by the Funds in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

v. On Plaintiffs Third Claim for Relief, order Concrete Industries to pay the Plaintiffs: (1) the balance of the 2018 Settlement Agreement of $21,916.55; and (2) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

vi. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   April 16, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/
Adrianna R. Grancio, Esq.
Charles R. Virginia, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*

10